## STATE v. JOSEPH ECKERT.

December 2, 1898.

Nos. 11,354—(21).

**Intoxicating Liquor—Sale during Prohibited Hours—Hotel.**

Under G. S. 1894, § 2012, hotels are excepted from the provisions requiring places of business where intoxicating liquors are sold to be kept closed during certain hours, but not from the provision prohibiting the sale of liquors during those hours.

**Same—Charge to Jury in Alternative.**

A licensed vendor of intoxicating liquors was indicted for selling intoxicating liquors at his place of business between the hours of 11 o'clock at night and 5 in the morning. *Held*, that it was error for the court to charge the jury that if the defendant kept his place of business open or sold intoxicating liquor therein during those hours he was guilty as charged in the indictment.

Defendant was indicted and found guilty by a jury of keeping his saloon open after 11 o'clock at night. From a judgment of the district court for Polk county, Ives, J., sentencing him to pay a fine of $25 and costs, defendant appealed. Reversed.

74 M.—25

*H. Steenerson,* for appellant.

Defendant had a right to have his saloon open after 11 o'clock, inasmuch as the saloon was part of his hotel. State v. Jarvis, 67 Minn. 10; G. S. 1894, § 2012.

*H. W. Childs* and *George B. Edgerton,* for respondent.

MITCHELL, J.

The defendant, a licensed vendor of intoxicating liquors and also an hotel keeper whose bar was in the hotel, was indicted for selling such liquors at his place of business between the hours of 11 o'clock at night and 5 o'clock in the morning contrary to the provisions of G. S. 1894, § 2012.

Some of the questions raised on this appeal were disposed of in State v. Johnson, supra, page 381.

Under the section referred to, there are two offenses,—First, keeping the place of business open during certain hours; and, second, selling or giving away intoxicating liquors at such place of business during these hours. It was the latter alone for which defendant was indicted. Hotels are excepted from the first part, but not from the second. Hotel keepers who are licensed to sell intoxicating liquors have no more right to sell liquors between the prohibited hours than any other licensed vendor.

The court charged the jury that if they found that, at or about 12 o'clock (at night), the defendant

"Kept the place open or sold liquor to these boys, why the defendant is guilty as charged in the indictment."

This was manifest error, for by this instruction the jury were told that they might find the defendant guilty as charged in the indictment if they found that he kept his place of business open, although he might not have sold any liquor within the forbidden hours. There is nothing in the remainder of the charge to cure this error.

Counsel for the state suggest that the error was cured, or became immaterial, by the verdict, which was to the effect that the jury found defendant guilty as charged in the indictment. But counsel overlooked the fact that the court instructed the jury that they

might so find if they found that defendant kept his place of business open.

Judgment reversed, and a new trial ordered.